IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER, SR,
EUGENE KELTNER, and
JOHN WILSON

                    Petitioners,

      v.                              CASE NO. 08-3172-RDR

FRANK DENNING,

                    Respondent.

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by three pretrial detainees confined in the Johnson County Adult Detention Center in Olathe, Kansas.

Petitioners complain they are being held in long term solitary confinement in administrative segregation even though they have not been disciplined for any violation of jail rules. They contend they are being subjected to conditions and restrictions which constitute impermissible punishment of detainees not yet convicted, and state they are being unlawfully denied access to television, media, games, communication, and activities outside their cell. They seek their release from solitary confinement and/or administrative segregation, and an appropriate restraining order to protect their rights. Petitioner Fuller subsequently supplemented the petition to document his resort to administrative remedies, and to submit additional evidence.

Having reviewed the record, the court finds petitioners'

attempt to seek relief under § 2241 should be summarily dismissed without prejudice.

This court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," but no show cause order need issue to the respondent if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2241(c)(3). Although petitioners maintain that § 2241 is the proper avenue for attacking their detention, this is accurate only to the extent their allegations fall within "the general grant of habeas authority contained within 28 U.S.C. § 2241." Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007). Allegations of constitutional deprivation in the conditions of their pretrial confinement are not appropriate under § 2241, and are properly raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Muhammad v. Close, 540 U.S. 749, 750 (2004)("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus...and a complaint under...42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus...; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")(citations omitted). *See also* Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(claims arising from conditions of confinement must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition), *cert. denied*, 531 U.S. 1083 (2001). The court thus finds petitioners' allegations provide no basis for proceeding in habeas corpus under 28 U.S.C. § 2241.

To seek relief on their claims, each petitioner can submit an

executed form motion for filing under 42 U.S.C. § 1983, with an executed form motion for seeking leave to proceed in forma pauperis in that civil rights action.  *See* Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001)(each prisoner plaintiff must proceed in a separate action).  Each prisoner must pay the full $350.00 district court filing fee, 28 U.S.C. § 1915(b)(1), even if granted leave to proceed in forma pauperis without prepayment of that fee.  *See* 28 U.S.C. § 1915(b)(1)(initial partial filing fee to be assessed by the court in non-habeas civil actions filed by a prisoner); 28 U.S.C. § 1915(b)(2)(authorizing collection of the remainder of the district court filing fee through automatic payments from the prisoner's inmate trust account).

IT IS THEREFORE ORDERED that the court grants all petitioners leave to proceed in forma pauperis in seeking habeas corpus relief under 28 U.S.C. § 2241, and denies the petition without prejudice.

IT IS FURTHER ORDERED that the pending motion for appointment of counsel (Doc. 2) is denied as moot.

The clerk's office is to provide each petitioner with court forms for filing under 42 U.S.C. § 1983 and 28 U.S.C. § 1915.

DATED:  This 29th day of October 2008, at Topeka, Kansas.

 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge